**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO GUERRERO-ESPINOSA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-884 <br><br> Agency No. A200-551-474 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2024**
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges

Antonio Guerrero-Espinosa ("Petitioner" or "Guerrero-Espinosa"), a native

and citizen of Mexico, seeks review of a Board of Immigration Appeals ("BIA")

decision upholding an Immigration Judge's ("IJ") denial of his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal under 8 U.S.C. § 1229b(b). Guerrero-Espinosa argued before the agency that he met all of the statutory requirements for cancellation of removal and should receive the relief he requested as a matter of discretion. As the parties are familiar with the facts, we do not recount them here. We dismiss the petition for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review discretionary denials of relief under § 1229b for cancellation of removal. *See Patel v. Garland*, 596 U.S. 328, 347 (2022); *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021). However, we retain jurisdiction to consider petitioners' arguments that present colorable "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Our jurisdiction under § 1252(a)(2)(D) is limited, and petitioners like Guerrero-Espinosa cannot "create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Even accepting Petitioner's claim that his hardship arguments apply with equal force to the agency's discretionary denial of relief, these arguments are nothing more than disagreements with how the agency weighed the evidence in determining that he was not entitled to a favorable exercise of discretion. The IJ and BIA conducted a thorough review of the hardship factors that Petitioner submitted, citing *Matter of Monreal-Aguinaga*, 23 I&N Dec. 56, 59 (BIA 2001) (en banc), for the

proposition that all evidence should be considered in the aggregate. Still, the BIA reaffirmed that Petitioner's positive equities, including his cumulative hardship evidence, were outweighed by the negative factors, including multiple DUI convictions. *See Vilchez v. Holder*, 682 F.3d 1195, 1200–01 (9th Cir. 2012).

Contrary to Petitioner's assertions, there is a dearth of evidence on this record to show that the IJ, or the BIA, applied incorrect legal standards, failed to consider all of Petitioner's hardship evidence, or otherwise committed constitutional or legal error in determining that he did not merit cancellation as a matter of discretion. We are thus left without jurisdiction to reexamine the agency's discretionary denial of relief. Because the IJ was entitled to deny relief as a matter of discretion—even assuming that Petitioner had met the statutory requirements of § 1229b(b)(1)(A)–(D)—we cannot consider Petitioner's remaining arguments. *See Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) (reaffirming that an IJ's "discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law") (emphasis in original); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003) ("[T]he ultimate decision whether to grant relief, regardless of eligibility, rests with the Attorney General.").

**PETITION DISMISSED.**